UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

NCR CORPORATION,

    Plaintiff,

vs.

ABERCROMBIE & FITCH CO.,

    Defendant.

COMPLAINT C2 06 919

DEMAND FOR JURY TRIAL

JUDGE SARGUS

MAGISTRATE JUDGE KING

Plaintiff NCR Corporation, as and for its Complaint against Defendant, Abercrombie & Fitch Co., by its undersigned counsel, hereby alleges as follows:

**PARTIES**

1.    Plaintiff NCR Corporation ("NCR") is a Maryland corporation with its principal place of business located at 1700 South Patterson Boulevard, Dayton, Ohio 45479-0001.

2.    On information and belief, Defendant, Abercrombie & Fitch Co. ("Defendant"), is a Delaware corporation with its principal place of business located at 6301 Fitch Path, New Albany, Ohio 43054.

**JURISDICTION**

3.    The following claims for patent infringement arise under the Patent Laws of the United States, 35 U.S.C. §§ 281 *et seq.* This Court has jurisdiction over the subject matter of these claims pursuant to 28 U.S.C. § 1338(a).

**VENUE**

4.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b), because the Defendant resides in this district.

## STATEMENT OF FACTS

5.  NCR is the owner by assignment of the following patents (referred to collectively below as the "NCR Patents"):

a.  U.S. Patent No. 5,951,643 (the "'643 Patent"), issued on September 14, 1999, entitled "Mechanism for Dependably Organizing and Managing Information for Web Synchronization and Tracking among Multiple Browsers." A copy of the '643 Patent is attached hereto as Exhibit A.

b.  U.S. Patent No. 6,151,601 (the "'601 Patent"), issued on November 21, 2000, entitled "Computer Architecture and Method for Collecting, Analyzing and/or Transforming Internet and/or Electronic Commerce Data for Storage into a Data Storage Area." A copy of the '601 Patent is attached hereto as Exhibit B.

c.  U.S. Patent No. 6,169,997 (the "'997 Patent"), issued on January 2, 2001, entitled "Method and Apparatus for Forming Subject (Context) Map and Presenting Internet Data According to the Subject Map." A copy of the '997 Patent is attached hereto as Exhibit C.

d.  U.S. Patent No. 6,480,855 (the "'855 Patent"), issued on November 12, 2002, entitled "Managing a Resource on a Network where Each Resource Has an Associated Profile with an Image." A copy of the '855 Patent is attached hereto as Exhibit D.

e.  U.S. Patent No. 6,502,096 (the "'096 Patent"), issued on December 31, 2002, entitled "Computerized Asset Management System." A copy of the '096 Patent is attached hereto as Exhibit E.

f.  U.S. Patent No. 6,714,931 (the "'931 Patent"), issued on March 30, 2004, entitled "Method and Apparatus for Forming User Sessions and Presenting Internet Data According to the User Sessions." A copy of the '931 Patent is attached hereto as Exhibit F.

6.      Defendant directly and/or through subsidiary companies, owns and operates an Internet website at Abercrombie.com (the "Website").

7.      Defendant by its design, manufacture or construction of the Website and/or the supporting systems, and/or by its use and operation of the Website, and/or by performing certain methods in connection with the operation of the Website, has infringed and continues to infringe one or more claims of each of the NCR Patents. The Website, including the system or systems, hardware, data, firmware, and software that constitute the Website or make the operation of the Website possible, are referred to herein as the "Accused Systems."

## FIRST CLAIM FOR RELIEF
(Infringement of the '643 Patent)

8.      NCR incorporates by reference the factual allegations set forth in paragraphs 1 - 7 above as if set forth herein in full.

9.      NCR states that, to the best of its knowledge, information, and belief and after an inquiry reasonable under the circumstances, it will likely be able to prove that:

(a) In violation of 35 U.S.C. § 271(a), (b), and/or (c), Defendant has infringed and is infringing the '643 patent by making, using, selling, or offering to sell the inventions protected by one or more claims of the '643 patent and/or has induced or contributed to infringement of the '643 patent;

(b) Defendant's infringement of NCR's '643 patent as set forth herein has been and is deliberate and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and

(c) The infringement by Defendant of NCR's '643 patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
(Infringement of the '601 Patent)

10. NCR incorporates by reference the factual allegations set forth in paragraphs 1 - 9 above as if set forth herein in full.

11. NCR states that, to the best of its knowledge, information, and belief, and after an inquiry reasonable under the circumstances, it will likely be able to prove that:

> (a) In violation of 35 U.S.C. § 271(a), (b), and/or (c), Defendant has infringed and is infringing the '601 patent by making, using, selling, or offering to sell the inventions protected by one or more claims of the '601 patent and/or has induced or contributed to infringement of the '601 patent;
>
> (b) Defendant's infringement of NCR's '601 patent as set forth herein has been and is deliberate and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and
>
> (c) The infringement by Defendant of NCR's '601 patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
(Infringement of the '997 Patent)

12. NCR incorporates by reference the factual allegations set forth in paragraphs 1 - 11 above as if set forth herein in full.

13. NCR states that, to the best of its knowledge, information, and belief, and after an inquiry reasonable under the circumstances, it will likely be able to prove that:

> (a) In violation of 35 U.S.C. § 271(a), (b), and/or (c), Defendant has infringed and is infringing the '997 patent by making, using, selling, or offering to sell the inventions protected by one or more claims of the '997 patent, and/or has induced or contributed to infringement of the '997 patent;

-4-

(b) Defendant's infringement of NCR's '997 patent as set forth herein has been and is deliberate and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and

(c) The infringement by Defendant of NCR's '997 patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
(Infringement of the '855 Patent)

14.  NCR incorporates by reference the factual allegations set forth in paragraphs 1 - 13 above as if set forth herein in full.

15.  NCR states that, to the best of its knowledge, information, and belief, and after an inquiry reasonable under the circumstances, it will likely be able to prove that:

(a) In violation of 35 U.S.C. § 271(a), (b), and/or (c), Defendant has infringed and is infringing the '855 patent by making, using, selling, or offering to sell the inventions protected by one or more claims of the '855 patent, and/or has induced or contributed to infringement of the '855 patent;

(b) Defendant's infringement of NCR's '855 patent as set forth herein has been and is deliberate and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and

(c) The infringement by Defendant of NCR's '855 patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF
(Infringement of the '096 Patent)

16.  NCR incorporates by reference the factual allegations set forth in paragraphs 1 - 15 above as if set forth herein in full.

17. NCR states that, to the best of its knowledge, information, and belief, and after an inquiry reasonable under the circumstances, it will likely be able to prove that:

(a) In violation of 35 U.S.C. § 271(a), (b), and/or (c), Defendant has infringed and is infringing the '096 patent by making, using, selling, or offering to sell the inventions protected by one or more claims of the '096 patent and/or has induced or contributed to infringement of the '096 patent;

(b) Defendant's infringement of NCR's '096 patent as set forth herein has been and is deliberate and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and

(c) The infringement by Defendant of NCR's '096 patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

### SIXTH CLAIM FOR RELIEF
(Infringement of the '931 Patent)

18. NCR incorporates by reference the factual allegations set forth in paragraphs 1 - 17 above as if set forth herein in full.

19. NCR states that, to the best of its knowledge, information, and belief, and after an inquiry reasonable under the circumstances, it will likely be able to prove that:

(a) In violation of 35 U.S.C. § 271(a), (b), and/or (c), Defendant has infringed and is infringing the '931 patent by making, using, selling, or offering to sell the inventions protected by one or more claims of the '931 patent and/or has induced or contributed to infringement of the '931 patent;

(b) Defendant's infringement of NCR's '931 patent as set forth herein has been and is deliberate and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285, and

(c) The infringement by Defendant of NCR's '931 patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE,** NCR requests judgment:

(a) That each of the NCR Patents, and claims thereof, are valid and enforceable;

(b) That Defendant has infringed one or more of the claims of each of the NCR Patents and that its infringement has been willful;

(c) That NCR has been irreparably harmed by the infringing activities of Defendant;

(d) That Defendant, its officers, agents, servants, employees and those persons in active concert or participation with any of them, as well as all successors or assignees of the interests or assets related to the Accused Systems, be preliminarily and permanently enjoined from further infringement of the NCR Patents;

(e) That an accounting be had for the damages caused to NCR by the infringing activities of Defendant;

(f) That NCR be awarded damages adequate to compensate for Defendant's infringement, which shall include lost profits, but in no event, shall be less than a reasonable royalty for the use made of the inventions of the NCR Patents by Defendant including pre- and post-judgment interest, and costs, including expenses;

(g) That, once actual damages are assessed, damages so ascertained be trebled in view of the willful and deliberate nature of the infringement and be awarded to NCR, with interest;

(h) That this be declared an exceptional case and that NCR be awarded its attorneys' fees; and

(i) That NCR be awarded such further necessary or proper relief as this Court may deem just.

Respectfully submitted,

*/s/ John D. Luken*
John D. Luken (0013326)
(Trial Attorney)
Joshua A. Lorentz (0074136)
DINSMORE & SHOHL LLP
255 E. 5th Street, Suite 1900
Cincinnati, Ohio 45202
Telephone: 513-977-8200
Facsimile: 513-977-8141

Michael J. King (0072597)
DINSMORE & SHOHL LLP
175 South Third Street
10th Floor
Columbus, Ohio 43215
Telephone: (614) 628-6880
Facsimile: (614) 628-6890

Of Counsel:
ORRICK, HERRINGTON & SUTCLIFFE LLP
Paul R. Gupta
Clifford R. Michel
666 Fifth Avenue
New York, New York 10103
Telephone: 212-506-5000
Facsimile: 212-506-5151

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, NCR hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

*/s/ John D. Luken*

John D. Luken (0013326)
(Trial Attorney)
Joshua A. Lorentz (0074136)
DINSMORE & SHOHL LLP
255 E. 5th Street, Suite 1900
Cincinnati, Ohio 45202
Tel: 513-977-8200
Fax: 513-977-8141

Michael J. King (0072597)
DINSMORE & SHOHL LLP
175 South Third Street
10th Floor
Columbus, Ohio 43215
Telephone: (614) 628-6880
Facsimile: (614) 628-6890

Of Counsel:
ORRICK, HERRINGTON & SUTCLIFFE LLP
Paul R. Gupta
Clifford R. Michel
666 Fifth Avenue
New York, New York 10103
Tel: 212-506-5000
Fax: 212-506-5151